MORTON *v.* STATE.

Opinion delivered October 21, 1929.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Miller County for the crime of assaulting John Morton, his brother, with intent to kill him, and, as a punishment for the crime, was adjudged to serve a term of five years in the State Penitentiary, from which judgment an appeal has been duly prosecuted to this court.

Appellant assigns as reversible error the insufficiency of the evidence to support the verdict. The record of the testimony introduced by the State reflects that on the 3d day of June, 1929, appellant, in company with his brother Joe, came to the house of Frank Morton, another brother, and accused him and his wife of saying they were going to turn him (appellant) in for selling whiskey, and, when Mrs. Frank Morton confirmed the report, he hit her twice, the second blow knocking her senseless; that, when Frank interposed to protect his wife, he (appellant) drew his pistol on him and chased him across the street into Frank Cornutt's home, and shot into the house several times; that about that time John Morton drove up in his car and inquired of Joe what was wrong, and, upon being informed that Allen (appellant) had been shooting into Cornutt's house, he turned on John, accused him of reporting him to the officers, threatened to kill him, and proceeded to strike him over the head with his pistol, and, when John knocked the second kick off, appellant shot John twice, once in the hand and once in the leg, and was attempting to shoot him again, when Joe interfered and prevented him from doing so; that John was unarmed at the time, and said and did nothing to cause appellant to shoot him.

The testimony thus detailed is of a substantial nature, and sufficient to support the verdict and judgment.

Appellant also assigns as reversible error certain remarks by the prosecuting attorney relative to what occurred in the home of Frank Morton, and across the road

at the home of Frank Cornutt, a few minutes before he struck and shot John Morton, and the subsequent introduction of testimony in support of the statement. The evidence was admissible to show appellant's abandoned disposition, his purpose in being there, and his motive for shooting John Morton. According to the State's testimony, appellant came to Frank Morton's house to administer punishment to him and his wife for threatening to report him to the officers for selling liquor, and, in carrying out his purpose, knocked Mrs. Frank Morton down, chased Frank across the road into Cornutt's home, and fired into the Cornutt house, after which he turned upon John Morton, and, for the same declared reason, struck him and shot him twice. The whole affair occurred in the space of about fifteen minutes, and was really one broil resulting from the same cause. As the testimony was admissible, it was proper for the prosecuting attorney to outline same in his opening statement.

Appellant also assigns as reversible error the exclusion of W. B. Thorpe's testimony, to the effect that appellant was an expert shot with rifle and pistol, and the testimony of other witnesses to the effect that Mrs. Cornutt cursed officers who made a liquor raid, some time prior to this occurrence, on their home, and concerning an accusation by Frank Cornutt, Frank Morton and their wives that appellant gave officers information that led to the raid.

Appellant's purpose in offering testimony relative to being an expert shot was to show that he could have killed instead of wounding John Morton, had his intent been to kill him. This does not follow as a necessary conclusion, for, in his excitement, he may have missed his mark. Appellant and his brother John were so close together that a nonexpert could have killed him as easily as an expert shot. We do not think the testimony was admissible as tending to show the intent with which appellant fired the shots.

The other pieces of testimony were collateral and immaterial, as they related to a liquor raid made on Frank Morton's home quite awhile before this occurrence.

Appellant also assigns as reversible error the action of the court in allowing the prosecuting attorney to ask certain witnesses whether they had not espoused his cause and sided with him. The questions were permissible to disclose the bias of the witnesses, and to test their credibility.

Appellant also assigns as reversible error the action of the court in allowing the prosecuting attorney to introduce Dr. Robison to show that the wounds inflicted upon John Morton were of such nature that one bullet could not have caused them both. The State introduced witnesses to show appellant fired two shots, one piercing the hand and one the leg of John Morton. Appellant testified that he only fired one shot at John Morton, which struck him in the hand, and that his purpose in firing it was to prevent him from drawing his pistol, which John was attempting to do. Dr. Robison's testimony was introduced to rebut this testimony of appellant, and was properly admitted as rebuttal testimony.

Appellant also assigns as reversible error the court's action in giving instructions numbers 1, 5 ,6, 7 and 8, and in refusing to give appellant's requested instructions numbers 12, 15 and 19.

It would extend this opinion to great length should these instructions be set out in full herein. Suffice it to say that we have carefully read the instructions, and determined that those given by the court were correct declarations of law applicable to the facts in the case, and that the instructions requested by appellant and refused by the court were fully covered by other instructions which the court gave.

No error appearing, the judgment is affirmed.